

MAY 08 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAY 8　2008

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 0289 |
| vs. | ) | Judge Robert W. Gettleman |
| | ) | |
| FRANK P. QUALTIER | ) | |

Judge Robert W. Gettleman
United S...　...rict Court

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant FRANK P. QUALTIER, and his attorney, JAMES MARCUS, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The Information in this case charges defendant with filing a false federal income tax return (Form 1040), in violation of Title 26, United States Code, Section 7206(1) (Count One) and willfully failing to file federal income tax returns (Forms 1040), in violation of Title 26, United States Code, Section 7203 (Counts Two through Four).

3. Defendant has read the charges against him contained in the Information, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to waive Indictment and to enter a voluntary plea of guilty to Count One of the Information, charging him with filing a false federal income tax return, in violation of Title 26, United States Code, §7206(1).

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the Information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about June 5, 2003, the defendant, a resident of Naperville, Illinois, willfully made and subscribed and caused to be made and subscribed a United States Individual Income Tax Return (Form 1040) for the calendar year 2001, which was verified by a written declaration that it was made under the penalties of perjury and which he filed and caused to be filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter, in that it was falsely stated on said return that he was unemployed and that the total income that the defendant and his wife had received in 2001 was $19,598.78, whereas, in truth and fact, as the defendant well knew, during the year 2001, he had been employed and receiving gross income from Innovative Renovations, Inc., a home remodeling business that he owned, and the total income received by the defendant and his wife in 2001 was approximately $119,885.00.

During the calendar year 2001, the defendant owned and operated a home remodeling business called Innovative Renovations, Inc. in Naperville, Illinois. The business was operated as a corporation during calendar year 2001 and the defendant received salary payments totaling approximately $100,189.00. On or about June 5, 2003, the defendant filed an Individual Income Tax Return (Form 1040) for the calendar year 2001, which falsely stated that he was unemployed and reported none of the salary that he had received from Innovative Renovations, Inc. On the tax return filed by the defendant, he reported as income only $22,501.19 that his wife had earned in wages at her employment plus $97.59 in taxable interest. By virtue of his failure to report the salary that he had earned from Innovative Renovations, Inc., the defendant understated his taxable income by approximately $82,313.00 and understated the tax due and owing for 2001 by approximately $16,989.00.

7. Defendant, for purposes of computing his sentence under Guideline §1B1.2, stipulates to having committed the following additional offense(s): During calendar year 2002, the defendant and his wife earned and received gross income of approximately $284,882.00. During calendar year 2003, the defendant and his wife earned and received gross income of approximately $238,895.00. During the calendar year 2004, the defendant and his wife earned and received gross income of approximately $162,431.00. By virtue of the income that he had received, the defendant was required by law to file income tax returns for each of the calendar years 2002, 2003 and 2004. Knowing that he was required to file tax returns for said years, the defendant willfully failed to file said returns and as a result,

3

failed to pay the Internal Revenue Service taxes due and owing in the amount of $73,209.36 for calendar year 2002; $48,738.06 for calendar year 2003; and $23,598.08 for calendar year 2004. Therefore, the amount of gross income that the defendant knowingly and intentionally failed to report to the Internal Revenue Service for calendar years 2001-2004 is $786,495.00 and the total amount of additional tax due and owing for criminal purposes is $162,534.00.

### Maximum Statutory Penalties

8. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

   a. A maximum sentence of 3 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the Court must order costs of prosecution, estimated to be $500. Defendant further understands that the judge also must impose a term of supervised release of not more than one year.

   b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

9. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b. **Offense Level Calculations**.

i. The base offense level for the charge in Count One of the Information and for the stipulated offenses is 16, pursuant to Guideline §2T1.1(a)(1) and §2T4.1(f) because the tax loss $162,534.00 is more than $80,000, but less than $200,000;

ii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii. In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources

efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal four and defendant's criminal history category is III:

    i. On or about February 28, 1985, the defendant was convicted in Chicago, Illinois, of reckless driving and other traffic infractions. Pursuant to §4A1.2(c)(2) and 4A1.2(e)(3), the defendant receives no criminal history points for this conviction.

    ii. On or about February 8, 1994, the defendant was convicted in Roselle, Illinois, Case No. 93CM4016, of misdemeanor theft and sentenced to court supervision. Pursuant to §4A1.1(c), the defendant receives one criminal history point for this conviction.

    iii. On or about May 16, 1997, the defendant was convicted in Kane County, Case No. 97DT229, of driving under the influence and sentenced to one year of court supervision. Pursuant to §4A1.1(c), the defendant receives one criminal history point for this conviction.

6

iv. On or about August 16, 1998, the defendant was convicted of possession of a controlled substance and battery in Clarendon Hills, Illinois, Case No. 98CF2511, and sentenced to two years probation. Pursuant to §4A1.1(c), the defendant receives one criminal history point for this conviction.

v. On or about December 10, 2002, the defendant was convicted of possession of a controlled substance and resisting or obstructing a police officer in DuPage County, Case No. 02CF1604. Pursuant to §4A1.1(c), the defendant receives one criminal history point for this conviction.

vi. On or about September 16, 2003, the defendant was convicted of speeding and failure to signal when turning in West Chicago, Illinois, Case No. 03TR117224. Pursuant to §4A1.2(c)(2), the defendant receives no criminal history points for this conviction.

vii. On or about September 9, 2005, the defendant was convicted of driving on a suspended license and improper use of a registration or title, in Woodridge, Illinois, Case No. 05TR123615, and sentenced to court supervision. Pursuant to §4A1.2(c)(1), the defendant receives no criminal history points for this conviction.

viii. On or about November 26, 2007, the defendant was convicted of disorderly conduct in Naperville, Illinois, Case No. 07CM2659, and sentenced to court supervision. Pursuant to Pursuant to §4A1.2(c)(1), the defendant receives no criminal history points for this conviction.

ix. On or about January 3, 2008, the defendant was convicted of driving under the influence in Cook County, Case No. 017037481, and sentenced to court supervision.. Pursuant to §4A1.1(c), the defendant receives no additional criminal history points for this conviction because he already has received four criminal history points for his other convictions under §4A1.1.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 13, which, when combined with the anticipated criminal history category of III, results in an anticipated advisory Sentencing Guidelines range of 18 to 24 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f.   Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11.   The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

12.   It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.   Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14. Defendant agrees that as a condition of any term of supervised release, that he will make restitution in the amount of $162,534.00 to the Internal Revenue Service.

15. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the Information as to this defendant.

### Presentence Investigation Report/Post-Sentence Supervision

16. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

17. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

18. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

19. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 289.

20. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District

11

of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

21. Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service (IRS) in its collection of any taxes, interest or penalties from defendant and his spouse or defendant's partnership or corporations. Defendant understands that the amount of tax as calculated by the IRS may exceed the amount of tax due as calculated for the criminal tax case.

### Waiver of Rights

22. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

   i.   The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

   ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the Information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.


iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the Information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii. Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a legally constituted grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

g. **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any

collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

h.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Other Terms

23.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

24.    (a) Defendant agrees to cooperate with the IRS in any tax examination or audit of defendant and his spouse and defendant's partnerships or corporations which directly or indirectly relates to or arises out of the course of conduct which defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records which the IRS may request. Nothing in this paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

(b)    Preliminary to or in connection with any judicial proceeding, as that term is used in F.R.Cr. P. 6(e), defendant will interpose no objection to the entry of an order

under Rule 6(e) authorizing disclosure of those documents, testimony and related investigative materials which may constitute grand jury material. Defendant will not object to the government soliciting consent from third parties, who provided information to the grand jury pursuant to grand jury subpoena, to turn those materials over to the Civil Division, appropriate federal or state administrative agency or the Internal Revenue Service, for use in civil or administrative proceedings or investigations, rather than returning them to such third party for later summons or subpoena in connection with the civil case or collection of taxes from defendant.

## Conclusion

25. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

26. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the

Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

27. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

28. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

29. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: May 8, 2008

_____
PATRICK J. FITZGERALD
United States Attorney

_____
FRANK P. QUALTIER
Defendant

_____
JOEL R. LEVIN
Assistant U.S. Attorney

_____
JAMES MARCUS
Attorney for Defendant